Duy Thai, SBN 157345
One Embarcadero Center, Suite 1020
San Francisco, California 94111
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor
Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| IN RE 818 GREEN STREET LLC,<br><br>                             Debtor. | Case No.: 19-41624-CN<br><br>Chapter 11<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER<br><br>Date: September 19, 2019<br>Time: 10:00 a.m.<br>Judge: Hon. Charles Novack<br>Courtroom: 215 |

      Debtor's motion must be denied because there is no basis for the contention that this Court lacked jurisdiction to hear and grant creditor Li's motion for relief from stay. Debtor cites 11 U.S.C. § 349, which discusses the effect of dismissal, but nothing in the statute precludes a court from granting prospective *in rem* stay after dismissal as prescribed by 11 U.S.C. § 362(d)(4), as the Court did here. Docket No. 23. Indeed, relief under 11 U.S.C. § 362(d)(4) is granted when a bankruptcy case is filed without justification. Debtor's argument advances the illogical conclusion that the bankruptcy court must *not* dismiss the bankruptcy case in order to grant in rem relief. *In*

*re Safren*, 65 B.R. 566 (Bankr.C.D.Cal. 1986), and *In re Newton*, 64 B.R. 790, 793 (Bankr.C.D.Ill. 1986), cited by debtor, merely spell out the ordinary consequences of a dismissal. Neither case involved the bankruptcy court's post-dismissal authority. Indeed, jurisdiction is not even mentioned in *In re Safren* or *In re Newton*.

If debtor is arguing that the Court must order the § 362(d)(4) relief before entering dismissal, it is again wrong. In the status conference held on August 15, 2019, this Court specifically stated that although the case had been dismissed, the Court still retained jurisdiction to hear Li's motion for *in rem* relief. Docket No. 20. The case had not yet been closed. "Dismissing and closing a bankruptcy case are two distinct events." *In re Aheong*, 276 B.R. 233, 239 (Bankr. App. 9th Cir. 2002) (affirmed). The Ninth Circuit has held that the bankruptcy court retains jurisdiction to consider various matters after dismissal or closure. *In re Shop Television Network, Inc.*, 79 F.3d 1154 (9th Cir. 1996) (affirmed). Among those are matters "ancillary" to the matters that already took place beforehand. *In re Lawson*, 156 B.R. 43, 47 (B.A.P. 9th Cir. 1993) (affirmed). Here, the § 362(d)(4) relief is ancillary to the dismissal itself, which was on the ground that debtor failed to submit required documents (thus evidencing the abusive nature of the bankruptcy filing). The bankruptcy court does not have to explicitly reserve jurisdiction in its dismissal order. *In re Lawson*, 156 B.R. at 47.[1]

For the reasons stated above, debtor's motion must be denied in its entirety.

DATED: September 12, 2019

/duy thai/
Duy Thai
Attorney for Creditor
Charles Li

---

[1] Further, Li's motion was essentially contemporaneous with the dismissal. The dismissal order was dated August 5, 2019. Li moved for in rem relief on August 6. 2019. The notice of dismissal was served to Li on August 7, 2019. Docket Nos. 17-19.

2
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER - (*In Re 818 Green Street LLC*, No. 19-41624-CN)

Case: 19-41624    Doc# 27    Filed: 09/12/19    Entered: 09/12/19 16:42:36    Page 2 of 3

# CERTIFICATE OF SERVICE

I declare that I am employed in the City and County of San Francisco, California. My address is One Embarcadero Center, Suite 1020, San Francisco, California 94111. I am over the age of eighteen years and am not a party to the within-entitled cause of action or proceeding.

Today, I served the attached documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER**

by electronic means to persons confirmed to be registered participants in the Electronic Filing System and that such persons are, in fact, receiving the Court's Notice of Electronic Filing in this subject case. I caused an electronic copy of the above to be electronically filed and serve to:

| | |
|---|---|
| Mark W. Lapham | Jason Blumberg |
| marklapham@sbcglobal.net | jason.blumberg@usdoj.gov |
| lesliepatrice@gmail.com | tina.l.spyksma@ust.doj.gov |

Office of the U.S. Trustee
USTPRegion17.OA.ECF@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in San Francisco, California on September 12, 2019.

_____
Patrick Grochmal

CERTIFICATE OF SERVICE